STATE OF NORTH DAKOTA

COUNTY OF WARD

IN DISTRICT COURT

NORTH CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| Ann Old Elk, as Guardian of Alexander Ironshield,<br><br>              Plaintiff,<br><br>    v.<br><br>Minot Vocational Adjustment Workshop, d/b/a, Kalix, Brittney Gavin, Katherine Morales, and Godfrey Ogembo,<br><br>              Defendants. | Case No.<br><br><br>**SUMMONS** |

THE STATE OF NORTH DAKOTA TO THE ABOVE-NAMED DEFENDANTS:

You are summoned and required to appear and defend against the Complaint in this action which is served upon you by serving an Answer or other proper response within twenty-one (21) days of service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this 21st day of March, 2025.

                              **VOGEL LAW FIRM**

                              */s/ H. Patrick Weir, Jr.*
                         BY: H. Patrick Weir, Jr. (#04822)
                              Brenda L. Blazer (#04155)
                              218 NP Avenue
                              PO Box 1389
                              Fargo, ND  58107-1389
                              Telephone: 701.237.6983
                              Email: hpweir@vogellaw.com
                                      bblazer@vogellaw.com
                              ATTORNEYS FOR PLAINTIFF

6

**EXHIBIT**

**A**

STATE OF NORTH DAKOTA

COUNTY OF WARD

IN DISTRICT COURT

NORTH CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| Ann Old Elk, as Guardian of Alexander Ironshield,<br><br>Plaintiff,<br><br>v.<br><br>Minot Vocational Adjustment Workshop, d/b/a, Kalix, Brittney Gavin, Katherine Morales, and Godfrey Ogembo,<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT** |

Plaintiff, Ann Old Elk, as guardian over person and property of Alexander Ironshield, for her claims against Defendants, Minot Vocational Adjustment Workshop, d/b/a, Kalix, Brittney Gavin, Katherine Morales, and Godfrey Ogembo allege:

## PARTIES

[¶1]   At all times material, Plaintiff, Ann Old Elk, was and remains the appointed guardian over person and property of Alexander Ironshield ("Ironshield"), and they are residents of the City of Minot, County of Ward, State of North Dakota.

[¶2]   Defendant Minot Vocational Adjustment Workshop is a North Dakota charitable organization under N.D.C.C. § 32-03.3 doing business as Kalix ("Kalix") with its principal place of business located at 605 27th Street SE, Minot, ND 58702.

[¶3]   At all times material, Defendants Brittney Gavin ("Gavin"), Katherine Morales ("Morales"), and Godfrey Ogembo ("Ogembo"), were on-duty as employees of Kalix, were

acting within the scope of their employment with Kalix and were responsible for Ironshield's care and well-being at the time he was injured.

[¶4]    The causes of action herein occurred in Ward County, North Dakota. Therefore, venue is proper pursuant to N.D.C.C. § 28-04-03.1

## FACTUAL BACKGROUND

[¶5]    On July 4, 2024, Ironshield, a non-verbal and developmentally disabled resident of Kalix, took part in a Fourth of July celebration program organized by Kalix. The event included fireworks such as smoke bombs, sparklers, and snakes, among others, for the residents to use and enjoy.

[¶6]    On July 4, 2023, Defendant Gavin was a member of Kalix's staff and was Ironshield's designated service provider when she escorted Ironshield outside in Ironshield's wheelchair.

[¶7]    On July 4, 2023, Defendant Morales was a member of Kalix's staff and was assisting Kalix residents ignite fireworks.

[¶8]    After being escorted outside by Defendant Gavin, at or about 7:21pm, Gavin placed a sparkler, emitting sparks into the left hand of Ironshield while providing hand-over-head support. The sparkler began to spew sparks into Ironshield's lap for approximately two minutes and after burning itself out, Gavin removed the sparkler from Ironshield's possession and proceeded to walk approximately twelve feet towards another resident.

[¶9]    As Gavin turned around, she observed Ironshield's socks, pants, and legs were on fire. Ironshield's disabilities prevented him from speaking or crying out in pain, for an undetermined period of time before Defendant Gavin and Defendant Morales attempt to put out the fire with their hands.

2

[¶10]  Ironshield was then transported by ambulance to a hospital where he was diagnosed with third degree burns on his legs. Defendant Ogembo accompanied Ironshield to the hospital.

### CAUSE OF ACTION

[¶11]  Plaintiffs incorporate all statements and allegations contain in Paragraphs 1 through 10 above as if fully set forth herein.

[¶12]  On said date and at the time, Defendant Gavin was acting in the course and scope of her employment with Kalix.

[¶13]   On said date and time, Defendant Morales was acting in the course and scope of her employment with Kalix.

[¶14]  On said date and at the time, Defendant Ogembo was acting in the course and scope of her employment with the Kalix.

[¶15]  Prior and on July 4, 2023, Defendants Gavin, Morales, and Ogembo knew, or should have known, that allowing those entrusted to their care, such as Ironshield, to handle lit fireworks was a dangerous and/or hazardous activity that risked serious injury. Despite this knowledge, Defendants Gavin, Morales, and Ogembo allowed fireworks to be ignited and handed them to the residents in their care, including Ironshield.

[¶16]  On said date and at the time of the incident, Defendants Gavin, Morales, and Ogembo conducted themselves in a reckless, careless, negligent, and grossly negligent manner by igniting fireworks and subsequently starting Plaintiff Ironshield's, socks, pants, and legs on fire, thereby allowing Ironshield to burn for an undetermined period of time.

3

[¶17]   The carelessness, recklessness, negligence and gross negligence of Defendants Gavin, Morales, and Ogembo were a direct and proximate cause of the incident and resulting injuries to Ironshield.

[¶18]   On July 4, 2023, Kalix had a duty to provide a safe environment for Ironshield and to safeguard him from harm.

[¶19]   Prior and on July 4, 2023, Kalix knew that allowing those entrusted to their care, such as Ironshield, to handle lit fireworks was a dangerous and/or hazardous activity that risked serious injury. Despite this knowledge, Kalix allowed its staff to light fireworks and hand them to residents in their care, including Ironshield.

[¶20]   Kalix's conduct violated the minimal standards set for safety and care to residents with developmental disabilities, such as Ironshield, as generally set forth in N.D.C.C. §25-01.3-01.

[¶21]   The carelessness, recklessness, negligence, and gross negligence of Defendant Kalix was a direct and proximate cause of the incident and resulting injuries to Ironshield.

[¶22]   As a direct and proximate result of the carelessness, recklessness, negligence and gross negligence of Defendants Minot Vocational Adjustment Workshop, d/b/a Kalix, Brittney Gavin, Katherine Morales, and Godfrey Ogembo, Plaintiff Alexander Ironshield suffered permanent and severe physical injuries including third degree burns to his left leg. Alexander Ironshield has suffered and will continue to suffer economic damages and non-economic damages referred to in N.D.C.C. §32-03.2-04.

WHEREFORE, Plaintiff, Ann Old Elk, demands judgment against Defendant, Minot Vocation Adjustment Workshop, d/b/a Kalix and Defendants Brittney Gavin, Katherine Morales, and Godfrey Ogembo for compensatory damages in a reasonable sum but not less

4

than Fifty Thousand and no/100 Dollars ($50,000.00), plus interest, costs, disbursements,

and further relief as the Court may deem just and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated this 21st day of March, 2025.

**VOGEL LAW FIRM**

*/s/ H. Patrick Weir, Jr.*

BY: H. Patrick Weir, Jr. (#04822)
   Brenda L. Blazer (#04155)
   218 NP Avenue
   PO Box 1389
   Fargo, ND  58107-1389
   Telephone: 701.237.6983
   Email:  hpweir@vogellaw.com
          bblazer@vogellaw.com
   ATTORNEYS FOR PLAINTIFF

5